IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLEY PERFORMANCE, | ) | Case No. 09-13333 (KJC) |
| PRODUCTS, INC. et al.,[1] | ) | |
| | ) | |
| Reorganized Debtors | ) | Ref: D.I. 778 |
| | ) | |

## MEMORANDUM AND ORDER DENYING
## MOTION TO REOPEN THE BANKRUPTCY CASE WITHOUT PREJUDICE[2]

Before the Court is the Motion of the Reorganized Debtors for Entry of an Order Temporarily Reopening the Case of Weiand Automotive Industries, Inc. to Enforce the Confirmation Order and Discharges and Injunctions against Plaintiffs Mehrabian Family Trust and CA Auto Mart Group, Inc. (D.I. 778) (the "Motion"). Mehrabian Family Trust and CA Auto Mart Group, Inc. (the "Plaintiffs") filed an objection to the Motion and the Reorganized Debtors filed a reply thereto. A hearing to consider the Motion was held on July 29, 2015.

Weiand Automotive Industries, Inc. ("Weiand Automotive") and certain affiliated entities filed chapter 11 bankruptcy petitions on September 28, 2009 in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Case"). Weiand Automotive and the other

---

[1] The Reorganized Debtors are: Holley Performance Products, Inc., High Performance Industries, Inc., Nitrous Oxide Systems, Inc. Weiand Automotive Industries, Inc., and Holley Performance Systems, Inc. (the "Reorganized Debtors").

[2] This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed. R. Bankr. P. 7052. This Court has jurisdiction to decide the Motion pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and because this matter arises under title 11, specifically 11 U.S.C. §350(b).

debtors obtained confirmation of a chapter 11 plan on June 7, 2010. The effective date of the Plan was June 22, 2010. The Delaware Bankruptcy Case was closed on February 27, 2012.

In March 2015, the Plaintiffs filed an action (the "California Action") in the United States District Court for the Central District of California (the "California District Court") against Joan F. Weiand, the Joan F. Weiand Trust, and debtor Weiand Automotive asserting claims to recover costs and damages arising out of environmental remediation efforts on real property located at 2302-2324 N. San Fernando Road, Los Angeles, CA. Weiand Automotive filed a motion to dismiss the California Action in July 2015 (the "Motion to Dismiss"). The Motion to Dismiss is scheduled for oral argument before the California District Court on August 24, 2015.

Weiand Automotive filed the Motion asking the Court to enter an order: (i) reopening the bankruptcy case of Weiand Automotive for the limited purpose of considering the Motion, (ii) finding that the claims in the Plaintiffs' California Action are barred by the Debtors' Plan and Confirmation Order, (iii) ordering the Plaintiffs to dismiss the California Action; and (iv) such other relief as the Court deems just and proper. Weiand Automotive argues, among other things, that the claims asserted against it in the Plaintiffs' California Action are "Claims" that were discharged by the Plan that was confirmed in the Delaware Bankruptcy Case.

Under 11 U.S.C. §350(b), a bankruptcy court may reopen a closed case to administer assets, to accord relief to the debtor, or for other cause. The Third Circuit Court of Appeals has interpreted §350(b) "to give 'bankruptcy courts . . . broad discretion to reopen cases after an estate has been administered.'" *In re Lazy Days' RV Center, Inc.*, 724 F.3d 418, 422-23 (3d Cir. 2013) quoting *In re Zinchiak*, 406 F.3d 214, 223 (3d Cir. 2005). *See also Matter of Case*, 937 F.2d 1014, 1018 (5th Cir.1991) ("This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings."). The burden of demonstrating

2

circumstances sufficient to justify the reopening is placed upon the moving party. *In re Antonious*, 373 B.R. 400, 405 (Bankr. E.D. Pa. 2007).

When a former debtor seeks to reopen a case, the Court should consider a variety of non-exclusive factors, including: (i) the length of time the case has been closed; (ii) whether a non-bankruptcy forum has the ability to determine the dispute to be posed by the debtor were the case reopened, (iii) whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties; (iv) whether any parties would be prejudiced were the case reopened or not reopened; (v) the extent of the benefit which the debtor seeks to achieve by reopening; and (vi) whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened (*i.e.*, whether reopening the case would be futile). *Antonious*, 373 B.R. at 405 -06 (citations omitted). The court may deny a motion to reopen when no clear benefit is shown to the debtor's estate or the creditors. *Id.* citing *In re Nelson,* 100 B.R. 905, 907 (Bankr. N.D. Ohio 1989).

Although this Court has jurisdiction to enforce its confirmation orders, that jurisdiction is not exclusive. *In re Continental Airlines, Inc.,* 236 B.R. 318, 326 (Bankr. D. Del. 1999); 28 U.S.C. §1334(b). *See also Conseco, Inc. v. Schwartz (in re Conseco, Inc.),* 330 B.R. 673, 680-81 (Bankr. N.D. Ill. 2005) ("A debtor confronted by a creditor seeking to collect on a debt in a possible violation of the discharge injunction may either 'assert the discharge as an affirmative defense . . . in state court' or 'bring an Adversary Complaint in bankruptcy court to enforce the statutory injunction under §524(a)(2) of the Code.'")

The Delaware Bankruptcy Case has been closed for three years and the Reorganized Debtors advised at the hearing that the Plan has been substantially consummated. The issues raised

in the Motion are presently pending before an Article III court for oral argument on the Motion to Dismiss which is scheduled to be heard on August 24, 2015. Weiand Automotive will not be prejudiced if the Delaware Bankruptcy Case is not reopened.[3]

Accordingly, the Motion will be denied, without prejudice, to permit a renewed motion to be filed should the California District Court prefer that this Court determine the issues raised in the Motion.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

DATED: July 31, 2015

cc: David B. Stratton, Esquire[4]

---

[3] At the hearing, I asked the parties whether they would consent to my contacting the district judge in the California Action to discuss the most efficient way to determine the issues raised in the Motion. The parties advised by a Statement (D.I. 789) filed on July 30, 2015 that they would not consent to my contacting Judge Wright.

[4] Counsel shall provide a copy of this Memorandum and Order to Judge Wright, serve a copy upon all interested parties and file a Certificate of Service with the Court.